UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DWIGHT CLARK III, on
behalf of himself and all others similarly
situated

      Plaintiff,

v.

AVFUEL CORPORATION,

      Defendants.
_____/

Civil Action No.
24-cv-12274

HON. MARK A. GOLDSMITH

## ORDER REGARDING PROTOCOLS ON FILINGS AND COMMUNICATION WITH THE COURT

The Court has adopted the following requirements regarding filings and communication with the Court.

1. To effectuate Local Rule 7.1(a), counsel for a moving party must certify in the first paragraph of every motion filed, other than a motion that may be filed ex parte, that one of the following statements, or one substantially similar to it, is true:

   a) The undersigned counsel certifies that counsel <u>personally</u> spoke to, or met with, opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.
   b) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.
   c) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and <u>three business days</u> have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.
   d) The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. [Set forth the exceptional circumstances with specificity.]

The above statements shall be modified appropriately where one or more parties is unrepresented.  <u>The failure to certify compliance with this paragraph will result in the motion being struck</u>.

2. For all documents filed on the docket, including all pleadings (except the complaint), motions, responses, and briefs, the Court requires filing counsel (or party, if unrepresented) to include the following certification language:

> "LOCAL RULE CERTIFICATION: I, [counsel's name, or party's name, if unrepresented], certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

3. The Court prohibits the use of excessive footnotes in briefs. A brief supporting a motion or response may not contain more than 30 lines of footnotes. A brief supporting a reply may not contain more than 15 lines of footnotes.

4. Communications with the Court. All communications with the Court and its staff shall be limited to documents filed on the docket and oral statements made at hearings or conferences, except that counsel and unrepresented parties may communicate with court staff as follows: (i) They may email the case manager to request a status conference with the Judge; the email must consist of no more than 30 words and explain in non-argumentative language the purpose for a conference; it must be emailed to all counsel and unrepresented parties, except in cases involving incarcerated individuals. (ii) They may email the case manager to request the adjournment of a conference or hearing only if the request is necessitated by an emergency, which the email must explain in no more than 50 words; in all other circumstances, a request for an adjournment must be made by submission of a proposed stipulated order or the filing of a motion (except that a non-emergency request to move the dispositive motion cut-off or later date may only be made by motion). (iii) They may phone the case manager to ask questions pertaining to administrative matters. (iv) They may not initiate any call to a law clerk to discuss anything unless directly instructed to do so by the Court but may ask questions of a law clerk pertaining to administrative matters if the law clerk answers chambers phone line in the case manager's absence.

Failure to comply with the requirements set forth in this order may result in sanctions and the striking of documents.

SO ORDERED.

Dated: September 4, 2024  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge